ANNA GILMORE, PETITIONER-RESPONDENT, v. JOHN W. EWEN AND LONDON ACCIDENT AND GUARANTEE CORPORATION, LIMITED, RESPONDENTS-PROSECUTORS.

Argued October 6, 1925—Decided February 9, 1926.

**Workmen's Compensation—Injury Through Falling Bags of Grain—Death Followed in About Forty Days—Causal Connection Between Accident and Death Established.**

On writ of *certiorari,* &c.

---

---

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors in *certiorari, Ralph N. Kellam* and *J. Webster Jones.*

For the defendant in *certiorari, Leroy W. Loder.*

PER CURIAM.

This is a workmen's compensation case. The petition was filed by the widow of the decedent, a workman employed by John W. Ewen in his flour and feed store in Bridgeton. On February 27th, 1924, while decedent was piling sacks of grain, one or more sacks fell on him, and petitioner claims so injured him that he died from such injury. He died April 7th, 1924.

At the hearing before the referee it was stipulated that decedent was struck by falling sacks of grain, and that the happening arose out of and in the course of his employment. Apparently, the only question was whether the falling sacks injured the decedent internally and caused his death. The referee so found and the Common Pleas affirmed that finding.

The testimony satisfies us that the finding was right. The decedent, prior to the accident, had not been sickly, but was healthy. A bag of grain weighing one hundred pounds fell and struck the decedent and knocked him down. This was followed by soreness or pain, which he suffered intermittently until March 29th, 1924, when he was seized with vomiting and was taken down in bed. Shortly thereafter he was operated upon at the hospital and a mass of adhesions between the intestines and the wall of the stomach was found, which the operating surgeon testified would be caused either by traumatism or some disease of the organs themselves, and that the organs were not diseased. One of the surgeons testified that the adhesions were the result of the injury. The decedent's death followed shortly after the operation, the day following, apparently. We think that the casual connection between the accident and the death was established.

The judgment brought up for review will be affirmed, with costs.